UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SYBILL WILLIAMS and, | ) | |
| JOSH NORWOOD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FORD MOTOR CO., et al. | ) | Case No. 1:10-CV-57 SNLJ |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

On October 27, 2011, this Court ordered the parties to show cause as to why this matter should not be remanded to the Circuit Court of Dunklin County, Missouri, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction, as a result of the addition of non-diverse defendant Bufford Dirt Cheap Auto Sales, Inc. ("Bufford"). The parties have now all responded.

Defendant Ford Motor Co. ("Ford") removed this action on April 8, 2010. Plaintiffs sought to amend their complaint to join defendant Bufford on June 17, 2010. Joinder of defendant Bufford was therefore timely made, even before the Rule 16 Conference, and neither Ford nor Bufford objected. It was only at the Court's invitation on October 27, 2011, that the defendants moved the Court to reconsider its order permitting the amendment. Both defendants request that the Court vacate its order permitting the amendment and deny the plaintiffs' motion to amend.[1] Defendant Ford could have raised its motion for reconsideration at that time rather than now, nearly 18 months later. There is no dispute that joinder defeats diversity jurisdiction,

---

[1]Defendant Bufford also suggests that, in the alternative, the Court hold the matter in abeyance pending the mediation scheduled for December 2011. If both Ford and Bufford remain as defendants in the case, however, the Court would be without jurisdiction to enter any order subsequent to the mediation.

and the plaintiffs request that the Court remand this matter to the Circuit Court of Dunklin County.

When a district court discovers that joinder of a new defendant has destroyed diversity jurisdiction, the court has "discretionary authority to reconsider and reverse its previous joinder decision." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307 (8th Cir. 2009). "When an action is removed from state to federal court, and 'after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.'" *Id.* at 307-08 (quoting 28 U.S.C. § 1447(e)).

"In determining whether justice requires joinder of the nondiverse party, the Court is directed to balance the original defendant's interest in maintaining the federal forum against the interest in avoiding multiple or piecemeal litigation of the same claim." *Le Duc v. Bujake*, 777 F. Supp. 10, 12 (E.D. Mo. 1991). "Specifically, the Court is required to consider 1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether plaintiff has been dilatory in asking for amendment, and 3) whether plaintiff will be significantly injured if amendment is not allowed." *Id.*, quoted in *Bailey*, 563 F.3d at 309. Each of those factors is discussed below.

As to the first factor, defendants argue that plaintiffs have fraudulently joined Bufford in order to defeat diversity, but their argument is weakened by the fact that plaintiff never actually sought to remand the matter to state court — rather, plaintiff requested remand in response to this Court's order to show cause a year and a half into proceedings. In contrast, the plaintiff in *Bailey* waited less than a month after the joinder order to file his motion for remand, which to the Eighth Circuit "suggested that he knew about the jurisdictional issues." *Id.* Here, although plaintiffs did

not inform the Court that Bufford's joinder would destroy diversity, plaintiffs never sought remand.

Defendants next argue that plaintiffs do not have a claim against Bufford. "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact or law supporting the claim against the resident defendant, or when the reviewing court finds that the plaintiff has no real intention of prosecuting the action against the resident defendant." *Wiles v. Capitol Indem. Corp.*, 75 F. Supp. 2d 1003, 1005 (E.D. Mo. 1999). Defendants characterize plaintiffs' suit as claiming that Bufford should be held liable because Bufford allegedly sold the vehicle in a defective condition. Defendants argue that this claim is barred under Missouri's Innocent Seller statute, § 537.762 RSMo, which "provides a downstream seller, that is a 'defendant whose liability is based solely on his status as a seller in the stream of commerce', significant rights in Missouri product liability actions." *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 445 (Mo. 2002). The Innocent Seller Statute "grants [to a downstream seller] the right to an interlocutory order of dismissal so long as the downstream seller can prove that 'another defendant, including the manufacturer', is in the lawsuit from whom plaintiff can obtain 'total recovery.'" *Id.* Bufford contends that its liability is based solely on its status as a downstream seller, that plaintiffs may obtain full recovery from Ford, and that, as a result, no claim may proceed against Bufford.

However, plaintiffs' claims against Bufford do not end there. Plaintiffs also allege that Bufford should have discovered that the vehicle was defective before selling it to plaintiffs' decedent's employer. That claim does not fall under the Missouri Innocent Seller statute, and it thus presents a colorable claim against Bufford.

As to the second factor, whether plaintiffs were dilatory, defendants point out that plaintiffs knew or should have known about their alleged claims against Bufford much earlier, as the accident occurred March 24, 2008, and the lawsuit was filed March 3, 2010. On the other hand, plaintiffs sought leave to join Bufford early in the litigation on June 17, 2010, even before the parties' Rule 16 conference in this matter.

Finally, defendants contend that plaintiffs will not be injured if joinder is not allowed. However, because plaintiffs have a colorable claim against Bufford, requiring plaintiffs to proceed against Bufford separately in state court would create piecemeal litigation and unnecessary duplication of effort. There is no reason the parties cannot use the discovery obtained in this federal proceeding in the state court, and the outstanding motions for summary judgment may be re-filed in state court.

As a result, the Court will not disturb its earlier order permitting joinder of defendant Bufford and will remand this matter to the Circuit Court of Dunklin County, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **REMANDED** to the Circuit Court of Dunklin County, Missouri.

Dated this  30th  day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE